*Kavasutra v. Adams*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-four.

PRESENT:
> DENNY CHIN,
> BETH ROBINSON,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

KAVASUTRA 6TH STREET, INC.,
KAVASUTRA 10TH STREET, INC.,

> *Plaintiffs-Appellants,*

> v.                                                          No. 24-15

ERIC ADAMS, AS MAYOR OF THE CITY OF NEW YORK,
CITY OF NEW YORK, COMMISSIONER ASHWIN VASAN,
AS COMMISSIONER OF THE NEW YORK CITY DEPARTMENT
OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL HYGIENE,

> *Defendants-Appellees.*

_____

FOR APPELLANTS:                    HENRY M. MASCIA (Steven Shapiro, Marc Ulman, *on the brief)*, Rivkin Radler LLP, Uniondale, NY.

FOR APPELLEES:                     PHILLIP W. YOUNG (Richard Dearing, Melanie T. West, *on the brief*), Assistant Corporation Counsel, *for* Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, New York, NY.

FOR AMICUS:                        James W. Woodlee, Samantha N. Hong, Kleinfeld, Kaplan, & Becker LLP, Washington, DC.

Appeal from an order denying entry of a preliminary injunction of the United States District Court for the Southern District of New York (Caproni, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order denying the request for a preliminary injunction entered on December 8, 2023, is **AFFIRMED**.

Plaintiffs-Appellants Kavasutra 6th Street, Inc. and Kavasutra 10th Street, Inc. ("Plaintiffs" or "Kavasutra"), the owners of two cafes in New York City, appeal from an order denying their request for a preliminary injunction enjoining Defendants-Appellees Eric Adams, the City of New York, Ashwin Vasan, and the New York City Department of Health and Mental Hygiene (together, the "City" or "Defendants") from interfering with Kavasutra's sale of kava beverages.

2

Kava is a plant root that is ground up and filtered to make a tea-like drink. Kavasutra sold kava drinks until the City ordered their cafes to be closed on the ground that kava is a "food additive" presumed unsafe for public consumption under the City's code which, in turn, relies on federal law. Kavasutra contends that kava is not a "food additive" but is instead a "food" presumed safe under federal law, and says that since the closures they have been without any income and will lose their customer base.

The City is authorized by New York City Health Code to "seize, embargo, or condemn" food that is deemed "adulterated." New York City Rules, Tit. 24, Health Code, §§ 3.03(a)(5), 71.05(a)–(c), 71.11. A food is deemed "adulterated" under the City's rules if, among other things, the "food is, bears or contains any food additive" that is "unsafe" under the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq*. *Id*. § 71.05(c)(4).

The FDCA defines "food" as "(1) articles used for food or drink for man or other animals, (2) chewing gum, and (3) articles used for components of any such article." 21 U.S.C. § 321(f). Food is considered "adulterated" under federal law if it contains "any food additive that is unsafe within the meaning of [21 U.S.C. § 348]." *Id*. § 342(a)(2)(C)(i). A "food additive" is defined as "any substance the

3

intended use of which results or may reasonably be expected to result, directly or indirectly, in its becoming a component or otherwise affecting the characteristics of any food . . . if such substance is not generally recognized, among experts . . . to be safe under the conditions of its intended use." *Id.* § 321(s). Unlike food, "food additives" are "deemed to be unsafe" for public consumption until "a regulation [is] issued . . . prescribing the conditions under which such additive may be safely used." *Id.* § 348.

Following the closures of their cafes, Kavasutra filed suit in federal court bringing claims for declaratory and injunctive relief as well as a claim under 42 U.S.C. § 1983. As relevant to this appeal, Kavasutra sought a declaratory judgment determining that "under the FDCA, [the City] may not . . . prevent [Kavasutra's] sale of Kava as a food." Compl. ¶ 30, No. 1:23-cv-6359, (S.D.N.Y. July 12, 2023), ECF No. 1. Kavasutra sought a preliminary injunction barring the City from interfering with its sale of kava.

According to Kavasutra, because kava is a "food" rather than a "food additive" under federal law, it is presumed safe for public consumption and thus the City's closure orders are contrary to law. Specifically, Kavasutra claims kava is a food and not a "food additive" because it is a single active ingredient—the

4

root of a kava plant—mixed with water.  The City counters that kava is a food additive, and thus presumed unsafe, because when kava is mixed with water, it becomes a component of and affects the characteristics of water.

The court denied Kavasutra's motion for a preliminary injunction in December 2023.  Kavasutra appealed.  A trial on the merits of Kavasutra's claims is scheduled for January 21, 2025.

We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review a district court's decision to grant or deny an injunction for abuse of discretion.  *Hartford Courant Co. v. Carroll*, 986 F.3d 211, 218 (2d Cir. 2021).  "A district court abuses its discretion when it rests its decision on a clearly erroneous finding of fact or makes an error of law."  *Id.*  To obtain a preliminary injunction that would enjoin "government action taken in the public interest pursuant to a statutory scheme," a party must establish "irreparable harm, . . . a likelihood of success on the merits" and "that a preliminary injunction is in the public interest."  *Connecticut State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022) (cleaned up).

In denying Kavasutra's request for a preliminary injunction, the district court concluded that on the record before it the parties were "at best . . . [in] equipoise" on the critical question whether kava is a "food" or a "food additive," App'x at 261, and that Kavasutra had thus failed to establish a likelihood of success on the merits. The court determined that it need not consider whether Kavasutra had shown irreparable harm. And citing the City's expressed safety concerns related to kava consumption, the court concluded that the public interest weighed against granting the injunction.

On this record, the district court did not exceed its discretion in denying Kavasutra's request for a preliminary injunction. The court identified the critical issues in the case, recognized that its ability to assess Kavasutra's claims was hampered by the limited record, and acknowledged that on a more complete record plaintiff "may well prevail." *Id.* at 261. Moreover, citing to materials in the record – including an FDA literature review and memoranda from both the New York State and New York City Departments of Health – documenting the safety concerns underlying the City's actions, the court concluded, "[I]t is not in the public interest for this court, based on the limited record . . . to substitute my

6

view of what is or is not safe for human consumption for theirs." *Id.* at 262.[1]

Even assuming that the absence of a preliminary injunction may cause Kavasutra irreparable harm, the district court did not exceed its discretion in concluding that the other preliminary injunction factors weighed against granting the injunction.

* * *

Accordingly, the District Court's order is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1]   In 2020, the FDA published a literature review finding that "toxicological data [] demonstrates that indiscriminate use of kava either as a 'recreational' or 'relaxation' beverage is not safe for human consumption. . . .[and] there is no basis to conclude that the use of kava as an ingredient in conventional foods is [generally recognized as safe]." App'x at 160; *see also* New York Dept. of Health Memorandum, No. 1:23-cv-6359 (S.D.N.Y. Oct. 26, 2023), ECF No. 32 (determining that foods containing kava "constitute an imminent health hazard"); *Adulterated Foods: What Food Service Operators Need to Know*, New York City Dept. of Health, *available at* https://www.nyc.gov/assets/doh/downloads/pdf/rii/adulterated-foods.pdf [https://perma.cc/2K5E-8NSS] (last visited Dec. 18, 2024) (classifying kava as an adulterant that "cannot be added to food").